

# NUMBER 13-20-00043-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **CARLOS DAWAYNE ROBINSON,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 19th District Court
### of McLennan County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Benavides and Silva
### Memorandum Opinion by Chief Justice Contreras

Appellant Carlos Dawayne Robinson was convicted of aggravated robbery with a deadly weapon, a first degree felony. *See* TEX. PENAL CODE ANN. § 29.03(a)(2). Appellant pleaded guilty without the benefit of a plea agreement. A jury assessed punishment at life imprisonment. Appellant's appointed appellate counsel has filed a brief stating that there are no arguable grounds for reversal of the judgment, *see Anders v. California*, 386 U.S.

738 (1967), but alleging that certain court costs were erroneously assessed. Appellant has filed a pro se response. We affirm the judgment as modified.[1]

## I.    ANDERS BRIEF

In his brief, appellant's counsel states that he has diligently reviewed the entire record and has concluded that the "appeal presents no issues of arguable merit." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) notified appellant that he has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) supplied appellant with a copy of the record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20.

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.001.

Appellant timely filed a pro se response arguing that his trial counsel provided ineffective assistance by failing to: (1) advise him prior to his guilty plea of the State's evidence and witnesses; (2) advise him prior to his guilty plea that he was not eligible for probation; (3) object to evidence of alleged prior offenses adduced by the State at the punishment hearing; (4) challenge the State's DNA evidence at the punishment hearing; (5) effectively cross-examine certain witnesses at the punishment hearing; (6) raise certain issues during closing argument at the punishment hearing; and (7) object to the punishment jury charge on various grounds. Appellant also asserts in his response that: (1) his guilty plea was involuntary; (2) he received an unfair punishment trial because peremptory strikes from the jury pool were racially-motivated; (3) the evidence was insufficient to support his guilty plea; (4) the evidence was insufficient to support a finding that he committed prior offenses; and (5) the prosecutor erred by failing to disclose the names of three witnesses before the plea hearing.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record, counsel's brief, and appellant's pro se response, and we have found no arguable reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.[2]

---

[2] We note that challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE

### III.    MODIFICATION OF JUDGMENT

In his *Anders* brief, appellant's counsel argues that some of the court costs assessed are unlawful or premature and requests that we modify the judgment to delete sixty dollars in costs. *See* TEX. R. APP. P. 43.2(b) (authorizing appellate courts to modify the judgment and affirm as modified). Because the argument does not suggest any reversible error in the court's judgment, it is properly raised in counsel's *Anders* brief. *See Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, no pet.) (modifying trial court's judgment to reflect proper offense dates where issue was raised in *Anders* brief); *see also Thomas v. State*, No. 13-12-00283-CR, 2012 WL 6680143, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 20, 2012, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment to delete $500 fine from appellant's administrative fees where issue was raised in *Anders* brief).[3]

The record reflects that the trial court initially signed its judgment of conviction on January 9, 2020. Attached to the judgment was an "Order to Withdraw Funds" from appellant's inmate trust account stating that "[c]ourt costs, fees and or/fines and/or restitution have been incurred in the amount of $630." After counsel objected that appellant was being overcharged, the trial court signed a judgment nunc pro tunc and a second "Order to Withdraw Funds" on August 6, 2020.[4] According to an itemized bill of

CRIM. PROC. ANN. art. 11.07; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus.").

[3] The State has not filed a brief to assist us in evaluating this issue.

[4] Neither the judgment nunc pro tunc nor the second "Order to Withdraw Funds" specified the amount of costs or fees being assessed.

costs dated August 11, 2020, appellant was assessed a grand total of $340 in costs, including $45 assessed for "VCTM45." The bill of costs also states: "If total court costs, reimbursement fees, fines and costs are not paid with 30 days of the Judgment, an additional Time Payment Fee of $15.00 will be assessed pursuant to the applicable Statutes and related case law. (CCP § 102.030)."

Counsel asserts that "VCTM45" refers to the crime victim's compensation fund, and he argues that assessment of this fee was improper because the fee is not currently authorized by statute. *See Aviles-Barroso v. State*, 477 S.W.3d 363, 398 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) ("Texas Local Government Code section 133.102 indicates that the fees for crime stoppers, criminal justice planning, officer education, compensation to victims of crime, and judicial training are not to be individually assessed but are, instead, part of the mandatory . . . consolidated fee to be assessed as a court cost upon a felony conviction."). We agree. *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (providing that a person convicted of a felony shall pay $185 in consolidated court costs); *id.* § 133.102(e)(8) (providing that a certain percentage of the consolidated court costs shall be allocated for compensation to victims of crime); *Aviles-Barroso*, 477 S.W.3d at 398. Accordingly, we modify the judgment to delete the $45 fee assessed for the crime victim's compensation fund.

Counsel also asks that we modify the judgment to delete the time payment fee. *See* Act of June 2, 2003, 86th Leg. R.S., ch. 209, § 62, sec. 133.103, 2003 Tex. Gen. Laws 979, 996–97 (amended 2019) ("A person convicted of an offense shall pay, in addition to all other costs, a fee of $25 if the person: (1) has been convicted of a felony or misdemeanor; and (2) pays any part of a fine, court costs, or restitution on or after the

5

31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution.") (former TEX. LOC. GOV'T CODE ANN. § 133.103; current version at TEX. CODE CRIM. PROC. ANN. art. 102.030).[5]

Appellate courts which have considered the issue, including this Court and the Tenth Court of Appeals, have held that ninety percent of the time payment fee under former Texas Local Government Code § 133.103 is unconstitutional because only ten percent of the fee is collected for a "legitimate criminal justice purpose," while the remainder is directed to general revenue. *See Ovalle v. State*, 592 S.W.3d 615, 618 (Tex. App.—Dallas 2020) ("[I]f a statute turns the courts into tax gatherers, then the statute impermissibly delegates to the courts a power more properly attached to the executive branch."), *vacated on other grounds and remanded*, No. PD-0127-20, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021); *Simmons v. State*, 590 S.W.3d 702, 712 (Tex. App.—Waco 2019), *vacated on other grounds and remanded*, No. PD-1264-19, 2021 WL 1938758 (Tex. Crim. App. May 12, 2021); *Dulin v. State*, 583 S.W.3d 351, 353 (Tex. App.—Austin 2019), *vacated on other grounds and remanded*, 620 S.W.3d 129 (Tex. Crim. App. 2021); *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019), *vacated on other grounds and remanded*, No. PD-0246-19, 2021 WL 1939984 (Tex. Crim. App. May 12, 2021); *Crooks v. State*, 13-20-00038-CR, 2020 WL

---

[5] In 2019, the Texas Legislature reduced the time payment fee to $15 and transferred the statute to the code of criminal procedure. Act of May 23, 2019, 86th Leg., R.S., ch. 1352, §§ 2.54, 4.40(33), 2019 Tex. Sess. Laws ch. 1352. The new statute provides that the entire time payment fee is "to be used for the purpose of improving the collection of outstanding court costs, fines, reimbursement fees, or restitution or improving the efficiency of the administration of justice in the county or municipality." TEX. CODE CRIM. PROC. art. 102.030(b). The changes, however, apply only to a cost, fee, or fine assessed on a conviction for an offense committed on or after January 1, 2020. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Sess. Laws ch. 1352. Because the offense in this case was committed before January 1, 2020, the former law applies. *See Ovalle v. State*, 592 S.W.3d 615, 617 n.1 (Tex. App.—Dallas 2020), *vacated on other grounds and remanded*, No. PD-0127-20, 2021 WL 1938672 (Tex. Crim. App. May 12, 2021).

6601601, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2020) (mem. op., not designated for publication), *vacated on other grounds and remanded*, No. PD-1183-20, 2021 WL 1940152 (Tex. Crim. App. May 12, 2021); *Townsend v. State*, No. 13-18-00049-CR, 2019 WL 6205470, at *8 (Tex. App.—Corpus Christi–Edinburg Nov. 21, 2019) (mem. op., not designated for publication), *vacated on other grounds and remanded*, No. PD-1259-19, 2021 WL 1940596 (Tex. Crim. App. May 12, 2021); *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *5 (Tex. App.—Eastland July 11, 2019) (mem. op., not designated for publication), *vacated on other grounds and remanded*, No. PD-0779-19, 2021 WL 1939561 (Tex. Crim. App. May 12, 2021).

In *Dulin v. State*, the Texas Court of Criminal Appeals recently held that "[t]he pendency of an appeal stops the clock for purposes of the time payment fee." *Dulin*, 620 S.W.3d at 133. Without addressing the constitutionality of the statute, the Court held that the assessment of time payment fees in Dulin's case was "premature, and the fees should be struck in their entirety, without prejudice to them being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution that he owes." *Id.* In light of this ruling, the Court vacated several previous appellate judgments which had affirmed ten percent of the fee. *See Townsend*, 2021 WL 1940596, at *1; *Crooks*, 2021 WL 1940152, at *1; *Johnson*, 2021 WL 1939984, at *1; *King*, 2021 WL 1939561, at *1; *Simmons*, 2021 WL 1938758, at *1; *Ovalle*, 2021 WL 1938672, at *1.

In this case, however, the record does not support counsel's assertion that the fee was actually assessed. As noted, neither the judgment nunc pro tunc nor the order to withdraw attached thereto stated that any particular costs or fees were being assessed.

And though the bill of costs states that a time payment fee *could* be assessed, there is nothing indicating that the fee was actually assessed. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030(a); *see also Nieves-Perez v. State*, No. 12-19-00389-CR, 2021 WL 1047209, at \*5 (Tex. App.—Tyler Mar. 18, 2021, pet. ref'd) (mem. op., not designated for publication) (overruling appellant's issue regarding constitutionality of time payment statute where bill of costs contained identical speculative language). Moreover, the bill of costs states that the fee, if eventually warranted, will be assessed "pursuant to the applicable Statutes and related case law," which presumably includes the case law providing that ninety percent of the fee is unconstitutional. Because the record does not show that a time payment fee was assessed, we decline counsel's request to modify the judgment to delete such assessment.

## IV. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

We order counsel to send a copy of the opinion and judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this opinion.[6] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412

---

[6] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file

n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## V.    CONCLUSION

The trial court's judgment is affirmed as modified herein. *See* TEX. R. APP. P. 43.2(b).

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of July, 2021.

---

a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.